IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-00009-JD |
| | ) |
| JILL NICOLE FORD, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Jill Ford's Unopposed Motion to File Supplement to Defendant's Sentencing Memorandum Under Seal ("Motion"). [Doc. No. 32]. The Motion seeks (1) leave to file a supplement to Ford's Sentencing Memorandum filed timely on May 12, 2023, in order to update the Court as to events relating to sentencing that have occurred since her sentencing memorandum was filed on May 12, 2023, and (2) leave to file this supplement under seal because it will contain personal information relating to Ford and confidential commercial transactions to which Ford is a party. Motion at 1. The government does not object to the request.

First, the Court will grant the defendant leave to file a supplement. The local criminal rules provide deadlines regarding sentencing memoranda, but the trial judge has discretion in any criminal case to waive any requirement of the local rules when the administration of justice requires. LCrR32.2; LCrR1.2(c); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent power to manage their docket to achieve the orderly and expeditious disposition of cases). The Court finds that it is in the interest of justice to modify this particular deadline in this case and to allow the

defendant to file a supplemental memorandum.

Second, the Court will provisionally grant the motion for leave to file the supplement under seal, subject to the requirements set forth in this Order. Federal Rule of Criminal Procedure 49.1(d) provides that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

Under Rule 49.1(d), Ford's counsel may file the supplement and any supporting documents under seal in accordance with the Electronic Case Filing Policies and Procedures Manual for the Western District of Oklahoma by **Monday, October 30, 2023**. At sentencing, however, the parties should be prepared to address whether the addendum should remain under seal following sentencing or whether a redacted version should be filed for the public record. *See* Fed. R. Crim. P. 49.1(d); *cf. United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020). Additionally, the parties must confer prior to the sentencing hearing in a good-faith attempt to prepare proposed redactions in the event that the Court orders these filings unsealed in whole or in part, and counsel for Ford must appear at the sentencing hearing with a proposed redacted version of the addendum filed entirely under seal as a result of this Order.[1]

IT IS SO ORDERED this 26th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] For example, although direct references to sensitive, personal, and confidential information might be properly sealed, general references to charging documents, statutes, sentencing guidelines, and associated case law do not need to be withheld from public access.