**SENTENCING COURTROOM MINUTE SHEET**                                   DATE  November 3, 2023

CASE NO. CR-22-00009-JD                                                 U.S.A. -v- JILL NICOLE FORD

COMMENCED 10:00 a.m.          ENDED 11:40 a.m.          TOTAL TIME 1 hr. and 40 mins.

JUDGE JODI W. DISHMAN         DEPUTY NYSSA VASQUEZ         REPORTER SUSAN FENIMORE

| Plf. Counsel: Jessica Perry, AUSA | Dft. Counsel: J. Patrick Quillian, Retained |
| Probation Officer: Alicia Maddocks | Interpreter: N/A |

SENTENCING MINUTE: Defendant appears in person with retained counsel. Counsel and Defendant confirm receipt and review of the Final Presentence Report and addendum. The Court adopts and accepts the Final Presentence Report and addendum as the findings of the Court for sentencing purposes subject to its rulings on the record. The Court addresses the amendments to the United States Sentencing Guidelines which went into effect November 1, 2023 and do apply in this case (USSG § 4C1.1). Government makes oral motion as to the additional one-level decrease under USSG § 3E1.1(b). The Court GRANTS the Government's oral motion on the record, no objection by counsel for defendant. The Court hears oral argument as to an appropriate sentence from both sides. Counsel for the government requests a sentence within the advisory guideline range (specifically, 24 months' imprisonment and a term of supervised release). Counsel for Defendant requests a sentence below the advisory guideline range (specifically, 0 months of imprisonment followed by a term of 5 years' supervised release with the first 3 months of home detention) as noted in the Sentencing Memorandum [Doc. No. 28 (supplemented at Doc. No. 34)]. Defendant's statement heard. The Court GRANTS a slight downward variance and imposes the sentence as shown below and as stated on the record.

The Defendant will file redacted versions of the sentencing memorandum and supplement [Doc. Nos. 28, 34] by Thursday, November 9, 2023. The Court GRANTS the Defendant's Oral Unopposed Motion for Order Permitting Self-Surrender.

☒  DEFENDANT IS SENTENCED TO CUSTODY OF BUREAU OF PRISONS FOR A TERM OF **20 MONTHS as to the 2-Count Information filed 01/07/2022**. This consists of 20 months as to Count 1 and 20 months as to Count 2, to be served concurrently.

☒  Upon expiration of sentence imposed herein, defendant shall serve a term of supervised release of **3 YEARS as to the 2-Count Information filed 01/07/2022**. This consists of 3 years as to Count 1 and 3 years as to Count 2, all such terms to run concurrently.

☒  Defendant must comply with the mandatory, standard, and special conditions of supervision that are set out in the Judgment in a Criminal Case.

☒  The defendant is ordered to pay restitution in the amount of $252,143.35, due immediately and forwarded to the U.S. Court Clerk for distribution to the victims as set out in the Judgment.

☒  If restitution is not paid immediately, the defendant shall make payments of 10.0% of the defendant's quarterly earnings during the term of imprisonment.

☒  If restitution is not paid immediately, the defendant shall make payments of the greater of $500.00 per month

or 10.0% of the defendant's gross monthly income, as directed by the probation officer. Payments are to commence not later than 30 days after release from confinement.

☒ The Court determines that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived as to restitution.

☒ The court imposes 100 hours of community service to be served during the term of supervised release.

☒ Fine is hereby waived due to defendant's inability to pay such fine in addition to restitution.

☒ Defendant ordered to pay Special Assessment fee of $100.00 on Count(s) 1 and 2 for a total of $200.00, due immediately.

☒ Recommended to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons staff in accordance with the program.

☒ The Court also recommends that the defendant participate in all programs/classes/courses/treatment noted in the Judgment.

☒ Defendant advised that pursuant to the plea agreement, she waived the right to appeal or collaterally challenge the sentence imposed by the Court, except under limited circumstances. Defendant advised that to the extent the right of appeal survives the waiver in the plea agreement, the right to appeal from such judgment, sentence, and conviction is to the United States Court of Appeals for the Tenth Circuit. Defendant advised that she may apply for leave to appeal in forma pauperis if she qualifies.

☒ Court orders commitment to the custody of the Bureau of Prisons & recommends that defendant be incarcerated at: FPC Bryan TX (or a facility close to her home address).

☒ Execution of sentence stayed until 12:00 p.m., Tuesday, January 2, 2024, at which time Defendant's court appearance bond will be exonerated. Defendant to remain on present bond and previously imposed conditions until she self-surrenders on 01/02/2024 at noon (at the time zone of the designated facility) for service of sentence at the institution designated by the Bureau of Prisons. Alternatively, should the Defendant not be designated by 01/02/2024 she should self-surrender to the United States Marshals Service for the Western District of Oklahoma on 01/02/2024 at 12:00 p.m. CST.

Authorities cited by Court.
Cases:
1. *United States v. McClaflin*, 939 F.3d 1113 (10th Cir. 2019)

Statutes & Rules:
1. 18 U.S.C. §§ 3143, 3146, 3553, 3561
2. Various U.S.S.G. provisions, commentary/notes, and policy statements